UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MATTHEW HARRIS,**
on behalf of himself and on behalf of
all other similarly situated,

    **Plaintiffs,**

v.                                                Case No: 8:14-CV-2913-T-23EAJ

**PERFORMANCE TRANSPORTATION,
LLC,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Before the Court are Plaintiffs Matthew Harris, on behalf of himself and on behalf of all others similarly situated, ("Plaintiffs'") **Motion for Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b)** (Dkt. 3) and Defendant Performance Transportation, LLC's ("Defendant's") **Response in Opposition to Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b)** (Dkt. 14).[1] Following oral argument on the motion, the Court recommends that Plaintiffs' motion (Dkt. 3) be granted in part and denied in part.

### Background

Plaintiffs filed this action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida on October 24, 2014, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (Dkt. 2) Defendant removed this action on November 21, 2014

---

[1] The motion has been referred to the undersigned for disposition or a report and recommendation (Dkt. 7). See 28 U.S.C. § 636(b)(1).

(Dkt. 1) and filed its answer on December 2, 2014 (Dkt. 8).

Plaintiff seeks conditional certification for a class of similarly situated employees of Defendant. Plaintiff Matthew Harris ("Mr. Harris") was employed as a driver by Defendant at its Dover, Florida warehouse facility from May 2010 through November 2013. (Dkt. 1 Ex. 1 at 13) Mr. Harris' duties included delivering food products to local restaurants and unloading trucks, generally working a total of fifty hours per week. Mr. Harris' compensation was based off of the number of cases of product he hauled, the number of miles driven, each stop, safety pay, and start up pay. Mr. Harris states that he was compensated seventeen cents per case of product, twenty to twenty-five cents per mile, and two dollars per stop, but he was not paid overtime compensation to which he was entitled. (Id. at 14)

Plaintiffs have also submitted the declarations of Dennis Ramnauth, James Hardy, and Lawrence Barrera, who were also employed by Defendant as drivers, compensated the same as Mr. Harris, and worked and drove only within the State of Florida. (Id. at 16-24) The number of hours per week worked by these declarants ranged from forty-five to sixty. (Id.) The declarations also state that each declarant is "aware of many, many other drivers who want to join this lawsuit." (Id. at 13-24) Plaintiffs identify a fifth individual, Shawn Richter, who has consented to join the action but who did not submit a declaration. (Dkt. 3 at 9)

Plaintiffs propose a putative class to be conditionally certified as: all delivery drivers who worked for Defendant in Florida from October 27, 2011 through the present who believe they were not paid proper overtime during any work week of their employment. (Dkt. 3 at 2) As for Court-approved notice, Plaintiffs request that Defendant produce a list containing the full names, last known addresses, telephone numbers, and e-mail addresses of putative class members who worked

for Defendant for the three years preceding the filing of the complaint to present, Plaintiffs' counsel be authorized to send an initial notice, by first-class mail, to individuals produced by Defendant, Defendant post a copy of the initial notice at all of its business locations, authorization to send a follow-up notice to individuals who have not responded fourteen days prior to the close of the notice period, and a total of ninety days from the date the notices are initially mailed to file a Consent to Become Opt-In Plaintiff form. (Id. at 13-14)

Defendant responds that Plaintiffs' motion should be denied because: (1) an employee's subjective belief that he or she was not paid proper overtime is of no legal consequence to whether employee was subjected to common policy and such a standard makes identifying class members impossible; (2) the declarations in support of Plaintiffs' motion are conclusory and do not establish that plaintiffs are similarly situated; (3) the evidence demonstrates that Plaintiffs are not similarly situated; and (4) Plaintiffs fail to demonstrate a showing of identical class members who desire to opt-in. (Dkt. 14 at 2-3)  Defendant also identifies some problems with Plaintiffs' proposed notice: the proposed notice does not inform potential opt-in plaintiffs that if they do opt-in and are unsuccessful on the merits they may be responsible for Defendant's costs; that anything beyond the initial mailing, including sending e-mail or a second first-class letter or posting the notice at Defendant's business, is inappropriate at this early stage; and that the three-year period is inappropriate as its alleged FLSA violations have not been willful. (Id. at 19-20)

## Discussion

**I.   Conditional Certification under FLSA**

The FLSA authorizes collective actions "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" against employers accused of

violating the FLSA. 29 U.S.C. § 216(b). "The requirements for conditional certification under § 216(b) 'are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure.'" Reyes v. AT&T Corp., 801 F. Supp. 2d 1350, 1356 (S.D. Fla. 2011) (quoting Grayson v. K Mart, Corp., 79 F.3d 1086, 1096 n.12 (11th Cir. 1996)).

The Eleventh Circuit has set forth a two-tiered approach for district courts to use when determining whether an opt-in class should be certified:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
> The second determination is typically precipitated by a motion for "decertification" by the defendant[,] usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives-i.e. the original plaintiffs-proceed to trial on their individual claims.

Hipp v. Liberty National Life Insurance Company, 252 F.3d 1208, 1218 (11th Cir.2001) (quoting Mooney v. Aramco Services Co., 54 F.3d 1207, 1213–14 (5th Cir.1995)).

At the conditional certification stage, a plaintiff must demonstrate that: (1) there are other employees who desire to opt in to the action and (2) the employees who desire to opt in are similarly situated. See Anderson v. Cagle's Inc., 488 F.3d 945, 952 (11th Cir. 2007). This standard is "'not particularly stringent,' 'fairly lenient,' and 'flexib[le].'" Rojas v. Garda CL Se., Inc., 297 F.R.D. 669, 675 (S.D. Fla. 2013) (quoting Hipp, 252 F.3d at 1214, 1218, 1219) (internal citations omitted)

4

(alteration in original).

    I.      Defendant's Claim of Motor Carrier Exemption

As an initial matter, Defendant contends that Plaintiffs were exempt from FLSA coverage pursuant to the Motor Carrier Exemption, 29 U.S.C. § 213(b)(1), and, as a result of the exemption, "a highly individualized assessment of each driver's duties is necessary," therefore making the Plaintiffs not similarly situated. (Dkt. 14 at 8)  However, the applicability of the motor carrier exemption at this early stage of the litigation should not be a bar to conditional certification because FLSA exemptions are construed narrowly and against the employer, and the burden is on the employer to establish entitlement to an exemption. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1156 (11th Cir. 2008).  Further, the fact that the motor carrier exemption may apply to Plaintiffs does not mean that Plaintiffs are not similarly situated. See Rojas, 297 F.R.D. at 675 ("If anything, Garda's uniform classification of the class as exempt from the FLSA weighs in favor of the argument that the class is, in fact, similarly situated.").  Indeed, to be similarly situated requires the Plaintiffs to show only that their positions are similar, not that their positions are identical. Grayson, 79 F.3d at 1096.

    II.      Other Opt-In Plaintiffs

Here, Plaintiffs have attached four declarations stating that there are "many, many other drivers who want to join this lawsuit."  The number of affidavits required by other courts to demonstrate that there are other opt-ins varies and has been as few as two. See Rojas, 297 F.R.D. at 676 (S.D. Fla. 2013) (collecting cases).  With Mr. Harris and four known opt-in plaintiffs, Plaintiffs have met their burden of demonstrating that they meet this requirement. See Whineglass v. Smith, No. 7:11-CV-2784-T-23TGW, 2012 WL 6163067 (M.D. Fla Nov. 14, 2012) (granting

class certification where there are four opt-in plaintiffs).

      III.     FLSA's Similarly Situated Requirement

Factors considered for determining whether potential plaintiffs are similarly situated include employees' job duties, pay provisions, and the commonality of their claims. See Vondriska v. Premier Mortg. Funding, Inc., 564 F. Supp. 2d 1330, 1334 (M.D. Fla. 2007) (citing Dybach v. State of Fla. Dep't of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991)).

Here, Plaintiffs have submitted four declarations. Each declarant was a driver at Defendant's Dover, Florida warehouse, was paid the same, worked between forty-five to sixty hours per week without being paid overtime for hours worked over forty, and drove within the State of Florida. (Dkt. 1 Ex. 1 at 13-24) Although Defendant contends that the declarations submitted in support of Plaintiffs' motion are "cookie-cutter" and conclusory, Plaintiffs have met the lenient standard for the notice stage of class certification that there are similarly situated employees who wish to opt-in. See Sanchez v. Ocwen Loan Servicing, LLC, No. 6:06-cv-1811-Orl-28DAB, 2007 WL 809666, at *3 (M.D. Fla. Mar. 15, 2007).

      IV.     Appropriate Statute of Limitations

Defendant objects to Plaintiffs' proposed three-year statute of limitations, contending that its actions were not a willful violation of the FLSA. (Dkt. 14 at 20 n.4) The ordinary statute of limitations in an FLSA action is two years, but a willful violation extends the statute of limitations to three years. 29 U.S.C. § 255(a). "The three-year statute of limitations may apply even when the employer did not knowingly violate the FLSA; rather, it may apply when it simply disregarded the possibility that it might be violating the FLSA." Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1324 (11th Cir. 2007). "The determination of willfulness is 'a mixed question of law and

6

fact.'" Id. (citing Lockaby v. Top Source Oil Analysis, Inc., 998 F. Supp. 1469, 1471 (N.D. Ga. 1998)).

At this stage of the litigation, it is premature to determine whether Defendant willfully violated the FLSA. Because Defendant contends that Plaintiffs were exempt from the requirements of the FLSA and it is possible that Defendant may have disregarded the possibility that it might be violating the FLSA, a three-year statute of limitations period at the notice stage is appropriate. See Rojas, 297 F.R.D. at 679 ("[T]he record nevertheless suggests that it is also possible - or even more likely - that Garda was, in fact, aware of the FLSA and the alleged exemption when it instituted the policy."); see also White v. Osmose, Inc., 204 F. Supp. 2d 1309, 1318 n.9 (M.D. Ala. 2002).

However, the statute of limitations extends only to the date that notice is sent to an individual, not the date on which the complaint was filed, and the proposed class must be modified to reflect this. See Abdul-Rasheed v. KableLink Commc'ns., LLC, No. 8:13-cv-8790T-24MAP, 2013 WL 5954785, at *3 (M.D. Fla. Nov. 7, 2013).

V.   Narrowed Putative Class

At the hearing, Plaintiffs agreed to narrow the proposed class to drivers at Defendant's Dover, Florida location as that is where the current opt-in plaintiffs have been employed. According to Defendant's declarations, approximately eighty-one drivers have been employed at the Dover, Florida location since October 27, 2011. (Dkt. 14 Ex. 3 ¶ 11) Accordingly, the proposed class should be narrowed as follows: drivers employed at Defendant's Dover, Florida warehouse from the date the Notice is sent through the present, who drove only within the State of Florida, and who were not paid proper overtime compensation during any work week of their employment.

**B.     Court-Authorized Notice to Conditionally Certified Class**

The form and content of court-authorized notice is within the Court's discretion. See <u>Sutton v. Singh</u>, No. 6:12-cv-1254-Orl-28TBS, 2013 U.S. Dist. LEXIS 81162, at *7 n.3, (M.D. Fla. May 2, 2013).

As an initial matter, the proposed notices and consent-to-join form attached to Plaintiffs' motion (Dkt. 3 at 17-26) were drafted before this case was removed to federal court. Accordingly, the parties shall prepare updated notices and forms that reflect that this case is pending in the United States District Court for the Middle District of Florida and that also reflect the narrowed putative class and the other alterations discussed below.

   I.     <u>Liability for Costs</u>

As Defendant addressed in its response and at the hearing, the proposed notice should inform potential opt-in plaintiffs that if they do opt-in and are unsuccessful on the merits of their claim, they may be responsible for Defendant's costs. See <u>Kreager v. Solomon & Flanagan, P.A.</u>, 775 F.2d 1541, 1544 (11th Cir. 1985) (a prevailing defendant in an FLSA action is entitled to attorney's fees where the court finds that the plaintiff acted in bad faith).

   II.    <u>Mailing of Notice and Consent-to-Join Forms</u>

Once Defendant has provided Plaintiffs with a list containing the full names, last known addresses, telephone numbers, and e-mail addresses of putative class members who worked for Defendant for the three years preceding the Order conditionally certifying the class to present, Plaintiffs' counsel may send the notice to each individual via first class mail. However, it is unnecessary, and arguably inappropriate, for Plaintiffs' counsel to send follow-up emails or a second mailing without seeking relief from the Court and demonstrating that circumstances warrant

such additional action.

### III. Posting of Defendant's Place of Business

Plaintiffs request to post the Notice in Defendant's business is premature. Generally, posting the notice at a defendant's business is permitted when a defendant provides an inadequate list of names to the plaintiff or has otherwise failed to cooperate in the litigation. See Gonzalez v. TZ Ins. Solutions, Inc., No. 8:13-cv-2098-T-33EAJ, 2014 WL 1248154, at *6 (M.D. Fla. Mar. 26, 2014).

### IV. Opt-in Period

Plaintiffs request a ninety (90) day period from the date the notices are initially mailed to file the consent-to-join forms. Defendant did not object to this period in its response or at the hearing, and courts routinely grant ninety-day opt-in periods. See Isaacs v. One Touch Direct, LLC, No. 8:14-cv-1716-T-30EAJ, 2015 WL 248658, at *3 (M.D. Fla. Jan. 20, 2015). Accordingly, the ninety-day opt-in period should be granted.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) (Dkt. 3) be **GRANTED in part and DENIED in part** to the extent that the following class be conditionally certified: drivers employed at Defendant's Dover, Florida warehouse from three years from the date the Notice is sent through the present, who drove only within the State of Florida, and who were not paid proper overtime compensation during any work week of their employment;

(2) Defendant be **ORDERED to** produce to Plaintiffs, within fourteen (14) days of the Court conditionally certifying the class, a list containing the full names,

        last known addresses, telephone numbers, and e-mail addresses of putative class members who worked for Defendant at its Dover, Florida location for the three years preceding the Order conditionally certifying the class to present;

(3)    the parties submit for court approval revised notice and consent-to-join forms reflecting the deficiencies and changes described herein;

(4)    Plaintiffs' counsel be authorized to distribute approved notice and consent-to-join forms once the forms are approved by the Court; and

(5)    Plaintiffs' counsel shall file all consent-to-join forms within ninety (90) days after the date the notice and consent-to-join forms are served.

DATE: February 13, 2015

*[signature]*
ELIZABETH A JENKINS
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge